# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**MARTHA R. ASHMORE,**                            **PLAINTIFF,**

**VS.**                           **CIVIL ACTION NO. 1:08CV072-P-D**

**CERIDIAN CORPORATION;**
**AETNA HEALTH AND LIFE INSURANCE COMPANY; and**
**FMC TECHNOLOGIES, INC.,**                    **DEFENDANTS.**

## MEMORANDUM OPINION

These matters come before the court upon the defendants' motions for summary judgment [44, 46]. After due consideration of the motions and the responses filed thereto, the court is prepared to rule.

## I. FACTUAL BACKGROUND

Martha R. Ashmore retired from employment with FMC Technologies, Inc. ("FMC") in 2001. After her retirement she continued her health insurance coverage and made monthly payments of $645.70 per month. On or about September 14, 2007, Ashmore received a copy of a Certificate of Prior Health Coverage from Aetna Health and Life Insurance Company ("Aetna") that she understood to mean that her health insurance coverage was terminated on January 2, 2007, even though she had been paying premiums up until at least September 14, 2007 – some eight months later. Ashmore avers that FMC, Aetna, and Ceridian Corporation (Aetna's designee) refused to refund her premium payments for the months she did not have coverage.

On March 11, 2008 Ashmore filed the instant action in the Circuit Court for Prentiss County, Mississippi against Aetna and Ceridian. The defendants removed the action to federal court on April 10, 2009, asserting federal question jurisdiction based on ERISA, 29 U.S.C. § 1001 *et seq.*

On August 8, 2008 the plaintiff filed her Amended Complaint, adding FMC as a defendant. In the Amended Complaint, Ashmore alleges that the "Defendants have intentionally, recklessly or negligently misappropriated the funds of the Plaintiff. The Plaintiff has suffered as a proximate result of the conduct of the Defendants monetary damages in the sum of $5,165.60 and compensatory damages for mental pain, anguish, conversion, and misappropriation in the sum of $65,000.00." Amended Complaint at 3.

On February 11, 2009 the defendants filed their motions for summary judgment, arguing that (1) since the subject health plan is an "employee welfare benefit plan" established and maintained by her employer FMC, the plaintiff's claims are preempted by ERISA; and (2) the plaintiff is not entitled to a refund of premiums because she was in fact covered by the FMC Plan from January 1, 2007 to December 31, 2007.

Regarding the latter argument, the defendants maintain that the plaintiff misunderstood the nature of the September 14, 2007 Certificate of Prior Health Coverage. Rather than indicating that her health coverage was terminated completely on January 1, 2007, the Certificate actually indicated that her insured status had changed from the under-65 coverage to the over-65 coverage. The defendants urge that she was in fact covered between January 1, 2007 and December 31, 2007, as evidenced by the fact that the plaintiff made a claim for benefits under the FMC Plan on February 26, 2007 and that claim was paid on April 3, 2007.

In her response, consisting of only two pages of text, the plaintiff does not address the defendant's ERISA preemption arguments. Rather, she argues that the Certificate of Prior Health Coverage speaks for itself and clearly reflects that her coverage stopped on January 2, 2007. She maintains that she was advised on September 20, 2007 by Betty Thornton, a nurse practitioner, that

she no longer had coverage with the FMC Plan after she attempted to file a claim. The plaintiff also avers that she called Ceridian to inquire why she did not have coverage, not to cancel her coverage.

## II. DISCUSSION

### A. Summary Judgment Standards

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 3l7, 323 (l986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (l986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id.* Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The summary judgment procedure does not authorize trial by affidavit. Rather, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson*, 477 U.S. at 255. Accordingly, a court may not decide any factual

issues found in the record on motion for summary judgment, but if such material issues are present, the court must deny the motion and proceed to trial. *Impossible Elec. Tech. v. Wackenhut Protection Systems*, 669 F.2d l026, l031 (5th Cir. l982); *Environmental Defense Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. l981); *Lighting Fixture & Electric Supply Co. v. Continental Ins. Co.*, 420 F.2d l211, l213 (5th Cir. l969).

Under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

Summary judgment is not proper if a dispute about a material fact is "genuine," or in other words the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248. There is no such issue unless the evidence sufficiently supports the non-moving party's version of the facts for a jury to return a verdict in the non-moving party's favor. *Id.* at 249. The relevant inquiry is whether or not there is sufficient disagreement on the facts to submit them to the jury or whether it is so one-sided that one party should prevail as a matter of law. *Id.* at 251. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir. 1978).

## 2. ERISA Preemption

It is undisputed that the subject health insurance plan is maintained by FMC as an "employee welfare benefit plan," that Aetna provides claims administration services for the FMC Plan - though Aetna does not insure the policy, nor does it accept premiums – and that Ceridian aids in the

administration of the FMC Plan including receiving premium payments through the Plan's Benefits Billing Service and forwarding those payments to FMC.

ERISA provides in pertinent part that an "employee welfare benefit plan" includes "any plan ... maintained by an employer ... to the extent such plan ... was established or is maintained for the purpose of providing for its participants ... medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accidents [etc.]." 29 U.S.C. § 1002(1). It is undisputed that the subject FMC Plan is an employee welfare benefit plan as defined by ERISA.

ERISA preempts any state laws that relate to employee welfare benefit plans that do not involve governmental or church plans, or plans with voluntary employee contributions. 29 U.S.C. § 1003; *Crowell v. Shell Oil Co.*, 541 F.3d 295, 302-303 (5th Cir. 2008). A state law "relates to" an employee welfare benefit plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983). The Amended Complaint appears to allege a state-law claim for misappropriation or conversion for the alleged wrongful failure of the defendants to refund the plaintiff's premiums paid to the FMC Plan. The Amended Complaint does not mention ERISA, nor does it make reference to a specific federal cause of action. Since a state-law claim for misappropriation or conversion directly references and is connected to the FMC Plan, the court concludes that the plaintiff's claims are preempted by ERISA.

Assuming *arguendo* that the plaintiff meant to articulate a federal common-law ERISA claim for unjust enrichment/restitution, as FMC and Ceridian suggest in their brief,, the court concludes that the undisputed facts do not support such a claim. The Fifth Circuit in *Jamail, Inc. v. Carpenters District Council of Houston Pension & Welfare Trusts* concluded that they were "convinced that a federal common law right of restitution under ERISA is in accordance with its policy of total federal

control of employee pension plans in all their facets." 954 F.2d 299, 304 (5th Cir. 1992). Furthermore, "[a]n ERISA restitution claim is equitable in nature and does not provide a right to a jury trial." *Provident Life & Acc. Ins. Co. v. Sharpless*, 364 F.3d 634, 640 (5th Cir. 2004).

Although the Fifth Circuit recognized the possibility of a federal common restitution claim, it remains undisputed in this case that the plaintiff was in fact insured during the months for which the subject premiums were paid, as evidenced by her February 26, 2007 claim that was paid on April 3, 2007 and the undisputed fact that the plaintiff's plan status was changed from pre-65 to post-65 but her coverage was not cancelled, even though the Certificate of Prior Insurance did not clearly articulate this fact. It is also undisputed that the plaintiff was insured all the way to December 31, 2007 even though she stopped sending premiums after September 2007. As discussed above, the party against whom a motion for summary judgment is made may not merely rest upon her pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial, *Celotex*, 477 U.S. at 324, and the issue must be genuine, and not pretended, and the evidence relied on to create such an issue must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d at 826. Other than simply arguing that the Certificate of Prior Insurance speaks for itself and that a nurse practitioner stated that the plaintiff's insurance coverage was denied for a particular claim , the plaintiff has not informed the court of sufficient facts to create a genuine issue of material fact suggesting that the plaintiff is entitled to recover under a federal common law ERISA claim for restitution.

### III. CONCLUSION

Because the plaintiff's state-law claims for misappropriation and/or conversion of her premium payments are preempted by ERISA, and because the plaintiff did not argue nor

demonstrate the applicability of a federal common law claim for unjust enrichment/restitution under

ERISA, nor did she argue that other relief was available under a specific ERISA provision, the court

concludes that the defendants' motions for summary judgment [44, 46] should be granted. Therefore

the plaintiff's claims should be dismissed with prejudice. Accordingly, a Final Judgment shall issue

forthwith,

**THIS DAY** of May 22, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE